IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

YAROSLAV KUROCHKA, :
:
Petitioner, :
: CIVIL NO. 3:CV-09-1203
v. :
: (JUDGE VANASKIE)
MARY SABOL, et al., :
:
Respondents. :
:

MEMORANDUM

Background

Yaroslav Kurochka, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the York County Prison, York, Pennsylvania, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondents are Warden Mary Sabol of the York County Prison and various federal officials.[1] Service of the Petition was previously ordered.[2]

Kurochka, a native and citizen of Ukraine, states that he entered this country during

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodian. See 28 U.S.C. § 2242.

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

May, 2005 as a non-immigrant student. On December 12, 2007, Petitioner acknowledges that he was convicted of an insurance fraud related offense in the Bucks County, Pennsylvania Court of Common Pleas. (Dkt. Entry # 1, ¶ 18.) ICE initiated removal proceedings against him during June, 2008.[3] Upon completing service of his criminal sentence on December 19, 2008, he was taken into custody by ICE. Kurochka alleges that on April 15, 2009 he was granted withholding of removal by an Immigration Judge. However, said determination has been appealed to the Board of Immigration Appeals. (Id. at ¶ 9.)

His pending Petition asserts that although he was granted withholding of removal over three (3) months ago, ICE has not provided him with a hearing "to demonstrate why his prolonged detention is justified." (Id. at ¶ 20.) Petitioner adds that he is not a flight risk and poses no danger to the community if released. Based upon those factors, he challenges his continued detention pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678, 682 (2001),[4] and Demore v. Kim, 538 U.S. 510 (2003). As relief, Petitioner seeks his immediate release subject to reasonable terms of supervision, including the wearing

---

[3] Respondents maintain that Petitioner's criminal history is more extensive.

[4] In Zadvydas, the United States Supreme Court recognized that the indefinite detention of aliens beyond the ninety (90) day removal period authorized by 8 U.S.C. § 1231 (a)(3) & (6) "would raise serious constitutional concerns." The Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. However, it does not permit indefinite detention." Id. at 689. An alien may still be detained beyond 6 months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

of an electronic monitoring device. (Dkt. Entry # 1, ¶ 20.)

Discussion

On December 11, 2009, Respondents filed a Status Report stating that "on September 25, 2009, the Petitioner 'was released on an order of supervision and an electronic monitoring device.'" (Dkt. Entry # 13 at 1.) Since Petitioner has been released from confinement, Respondents seek dismissal of the petition on the basis of mootness. Accompanying Respondents' notice is a declaration under penalty of perjury by Chief Counsel Kent J. Frederick for the Philadelphia Office of ICE.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if

unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously noted, Kurochka does not challenge the fact of his deportation. The relief sought by his Petition, release from detention pending removal, has been obtained. Consequently, Petitioner's challenge to indefinite detention pending removal must be dismissed as moot since it no longer presents an existing case or controversy. See Novas v. ICE, 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008)(release from ICE custody moots habeas petition solely addressing the detention issue.) An appropriate Order is attached.

> s/ Thomas I. Vanaskie
> Thomas I. Vanaskie
> United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

YAROSLAV KUROCHKA, :
:
    Petitioner, : CIVIL NO. 3:CV-09-1203
:
vs. : (JUDGE VANASKIE)
:
MARY SABOL, et al., :
:
    Respondents. :

## ORDER

NOW, THEREFORE, THIS 14th DAY OF DECEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

    1.    The petition for writ of habeas corpus is DISMISSED AS MOOT.

    2.    The Clerk of Court is directed to CLOSE the case.

                                  s/ Thomas I. Vanaskie
                                  Thomas I. Vanaskie
                                  United States District Judge